CLIFTON BUDD & DeMARIA, LLP
Attorneys for Defendant Frank Berry
420 Lexington Avenue
New York, New York 10170
212-687-7410

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NAGY EDRISSE,

                         Plaintiff,                              **ANSWER**

-against-                                                    Civil Action No.:
                                                                        09-cv-5141 (LAK)
MARRIOTT INTERNATIONAL, INC. and
FRANK BERRY, GEORGE PALLADINO, MICHAEL
STENGEL, DAVID TRAINA, STEVEN BATA, ROBERT
MILLER, and JANET MIELCAREK, Individually, and
As Employers,

                         Defendants.
------------------------------------------------------------------------X

        Defendant Frank Berry ("Berry"), by and through his attorneys, Clifton Budd & DeMaria, LLP, hereby responds to the enumerated paragraphs of the Complaint in the above captioned action as follows:

### I. INTRODUCTION

1.     Deny.

2.     Deny.

3.     Deny.

4.     Deny.

### II. JURISDICTION AND VENUE

5.     States a legal conclusion requiring neither admission nor denial.

6.     States a legal conclusion requiring neither admission nor denial.

7. States a legal conclusion requiring neither admission nor denial.

8. Deny knowledge or information sufficient to form a belief.

9. Deny knowledge or information sufficient to form a belief.

### III.  PARTIES

10. Deny knowledge or information sufficient to form a belief.

11. Deny knowledge or information sufficient to form a belief.

12. Deny knowledge or information sufficient to form a belief.

13. Admit that Berry is a natural person, that Berry is a former employee of Marriott, that Berry is Caucasian, that Berry is not of the Muslim faith, that Berry is not from Egypt or the Middle East, and otherwise deny.

14. Deny knowledge or information sufficient to form a belief.

15. Deny knowledge or information sufficient to form a belief.

16. Deny knowledge or information sufficient to form a belief.

17. Deny knowledge or information sufficient to form a belief.

18. Deny knowledge or information sufficient to form a belief.

19. Deny knowledge or information sufficient to form a belief.

### IV.  FACTS

20. Deny knowledge or information sufficient to form a belief.

21. States a legal conclusion requiring neither admission nor denial.

22. As to Berry, deny due to vague and conclusory nature, and otherwise deny knowledge or information sufficient to form a belief.

23. Deny knowledge or information sufficient to form a belief.

24. Deny knowledge or information sufficient to form a belief.

25. Deny knowledge or information sufficient to form a belief.

26. Deny knowledge or information sufficient to form a belief.

27. Deny knowledge or information sufficient to form a belief.

28. Admit that in or around February 2006, Berry was assigned as one of several employees in The View holding the title Manager, and otherwise deny.

29. Deny.

30. Deny.

31. Deny.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Deny.

37. Deny.

38. Deny.

39. Deny knowledge or information sufficient to form a belief.

40. Admit that Berry did request plaintiff not to use the term "nigger" after an employee complained of plaintiff's use of that term, and otherwise deny knowledge or information sufficient to form a belief.

41. Deny knowledge or information sufficient to form a belief.

42. Deny knowledge or information sufficient to form a belief.

43. Deny knowledge or information sufficient to form a belief.

44. Deny knowledge or information sufficient to form a belief.

45. Deny knowledge or information sufficient to form a belief.

46. Deny knowledge or information sufficient to form a belief.

47. Admit that plaintiff sprayed a co-worker with a spray bottle left behind by a customer while uttering the phrase "niggerspray," and otherwise deny.

48. Admit that Berry spoke to plaintiff about the incident after the co-worker complained to Berry about plaintiff's conduct, and otherwise deny.

49. Admit that plaintiff did again utter the phrase "nigger" in Berry's presence and after Berry specifically requested plaintiff not to use that phrase, and otherwise deny.

50. Deny knowledge or information sufficient to form a belief.

51. Admit that when Berry first requested plaintiff not to use the phrase "nigger," Berry did inform plaintiff he could be subject to discipline for further, similar conduct, and otherwise deny.

52. Deny knowledge or information sufficient to form a belief.

53. Admit that Berry signed an Employment Performance Record, dated June 9, 2006, and otherwise deny knowledge or information sufficient to form a belief.

54. Admit that Berry presented the June 9, 2006 Employment Performance Record to plaintiff, refer the June 9, 2006 Employment Performance Record for its content, and otherwise deny.

55. Refer the June 9, 2006 Employment Performance Record for its content, and otherwise deny.

56. Refer the June 9, 2006 Employment Performance Record for its content, and otherwise deny.

57. Refer the June 9, 2006 Employment Performance Record for its content, and otherwise deny.

58. Deny.

59. Deny.

60. Deny knowledge or information sufficient to form a belief.

61. Deny knowledge or information sufficient to form a belief.

62. Deny knowledge or information sufficient to form a belief.

63. Deny knowledge or information sufficient to form a belief.

64. Deny knowledge or information sufficient to form a belief.

65. Deny knowledge or information sufficient to form a belief.

66. Deny knowledge or information sufficient to form a belief.

67. Deny knowledge or information sufficient to form a belief.

68. Deny knowledge or information sufficient to form a belief.

69. Deny.

70. Deny knowledge or information sufficient to form a belief.

71. Deny knowledge or information sufficient to form a belief.

72. Deny knowledge or information sufficient to form a belief.

73. Deny knowledge or information sufficient to form a belief.

74. Deny knowledge or information sufficient to form a belief.

75. Deny knowledge or information sufficient to form a belief.

76. Deny knowledge or information sufficient to form a belief.

77. Deny knowledge or information sufficient to form a belief.

78. Deny that Berry recognized plaintiff's conduct to warrant only a verbal warning, and otherwise deny knowledge or information sufficient to form a belief.

79. Deny knowledge or information sufficient to form a belief.

80. Deny knowledge or information sufficient to form a belief.

81. Deny knowledge or information sufficient to form a belief.

82. Deny.

83. Deny.

84. Deny.

85. Deny.

86. Deny.

87. Deny.

88. Deny.

89. Deny.

90. Deny knowledge or information sufficient to form a belief.

91. Deny knowledge or information sufficient to form a belief.

92. Deny knowledge or information sufficient to form a belief.

93. Deny knowledge or information sufficient to form a belief.

94. Deny.

### FIRST CAUSE OF ACTION

95. Berry repeats and realleges the foregoing as though set forth fully herein.

96. Deny.

97. Deny.

## SECOND CAUSE OF ACTION

98. Berry repeats and realleges the foregoing as though set forth fully herein.

99. Deny.

100. Deny.

101. Deny.

102. Deny.

103. Deny.

## THIRD CAUSE OF ACTION

104. Berry repeats and realleges the foregoing as though set forth fully herein.

105. Deny.

106. Deny.

107. Deny.

108. Deny.

109. Deny.

110. Deny.

111. Deny.

112. Deny.

## FIFTH CAUSE OF ACTION [SIC][1]

---

[1] The designation of a "Fourth Cause of Action" is omitted, apparently inadvertently, from the Complaint.

113. Berry repeats and realleges the foregoing as though set forth fully herein.

114. Deny.

115. Deny.

### SIXTH CAUSE OF ACTION [SIC]

116. Berry repeats and realleges the foregoing as though set forth fully herein.

117. Deny.

118. Deny.

119. Deny.

120. Deny.

121. Deny.

122. Deny.

123. Deny.

124. Deny.

### SEVENTH CAUSE OF ACTION [SIC]

125. Berry repeats and realleges the foregoing as though set forth fully herein.

126. Deny.

127. Deny.

128. Deny.

129. Deny.

130. Deny.

131. Deny.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the applicable statutes of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over some or all of plaintiff's claims.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred because plaintiff failed to exhaust the administrative and/or contractual remedies available to him.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any relief sought in the Complaint.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief sought because plaintiff has failed to mitigate his damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief sought because Berry's actions were taken with the good faith belief that his conduct was consistent with defendants' policies and practices against unlawful discrimination and retaliation and was not prohibited by law.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's conspiracy claims are barred by the intracorporate conspiracy doctrine.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

Berry cannot be individually liable to plaintiff because there is no individual liability under some or all of the statutes plaintiff alleges that defendants violated.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled the relief sought because Berry would have treated plaintiff similarly regardless of plaintiff's race, national origin, and/or allegations of discriminatory treatment.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the exclusivity provisions of the NY Workers' Compensation Law.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Some or all plaintiff's claims against Berry are barred because the conduct complained of is not properly attributed to Berry.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Assuming without conceding that there was unlawful conduct, plaintiff cannot recover because the conduct complained of consists of petty slights and trivial inconveniences.

### AS AND FOR A FOURTEEN AFFIRMATIVE DEFENSE

Assuming without conceding that there was unlawful conduct, plaintiff cannot recover because he unreasonably failed to take advantage of corrective opportunities that were in place and made available to him, or otherwise avoid harm.

**WHEREFORE**, Berry demands judgment dismissing the Complaint in its entirety, and request that this Court grant defendants their costs, disbursements, and attorneys' fees and such other and further relief which the Court deems just and proper.

Dated: New York, New York
November 19, 2009

Respectfully submitted,

CLIFTON BUDD & DeMARIA, LLP

By:  \_/s_____
Arthur J. Robb (AR-9446)
Attorneys for Defendants
420 Lexington Avenue
New York, New York 10170
(212) 687-7410