UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

NAGY EDRISSE,                           :
                                        :
                     Plaintiff,         :     Civil Action No.: 09 CV 5141 (LAK)
                                        :
          -against-                     :
                                        :     **DEFENDANTS' NOTICE OF MOTION**
MARRIOTT INTERNATIONAL, INC., and       :     **FOR SUMMARY JUDGMENT**
FRANK BERRY, GEORGE PALLADINO,          :
MICHAEL STENGEL, DAVID TRAINA,          :
STEVEN BATA, ROBERT MILLER, AND         :
JANET MIELCAREK Individually, and as    :
Employers,                              :
                                        :
                     Defendants.        :

------------------------------------------------------------x

**PLEASE TAKE NOTICE** that pursuant to Rule 56 of the Federal Rules of Civil

Procedure, Defendants Marriott International, Inc. ("Defendant Marriott"), George Palladino,

Michael Stengel, David Traina, Stephen Batta (s/h/a "Steven Bata"), Robert Miller, and Janet

Mielcarek (collectively, "Marriott Defendants"), move this Court, at the United States

Courthouse located at 500 Pearl Street, New York, New York 10007, before the Honorable

Lewis A. Kaplan, for an Order:

(1) Granting summary judgment to Marriott Defendants and dismissing the Complaint in its

entirety with prejudice because:

(a) Plaintiff cannot establish a *prima facie* case of discrimination or retaliation; (b) even

assuming, *arguendo*, that Plaintiff could establish said *prima facie* case, Plaintiff was terminated

for a legitimate, non-discriminatory reason and cannot adduce evidence that this reason was

pretextual; (c) assuming, *arguendo*, that Plaintiff could establish said case, individual Marriott

Defendants cannot be held liable; (d) Defendant Berry's alleged conduct did not create a hostile

work environment; (e) even assuming, *arguendo*, that it did, Marriott Defendants cannot be held

liable; (f) moreover, Defendant Marriott can avail itself of the <u>Faragher/Ellerth</u> affirmative

defense; (g) Plaintiff cannot establish the existence of a conspiracy under 42 U.S.C. §§ 1985 and

1986; (h) Plaintiff did not suffer any wage damages as a result of his termination; and (i) Plaintiff

perjured himself when testifying about said damages; and

(2) Awarding Marriott Defendants such other and further relief that this Court deems just and

proper, including, but not limited to, reasonable attorneys' fees and costs.

A Memorandum of Law in support of this motion is submitted herewith.  Defendant's

Local Civil Rule 56.1 Statement of Undisputed Facts, together with exhibits appended thereto, is

also submitted herewith.

The following exhibits are attached in support of the motion:

1.      Attached as Exhibit "A" is a true and accurate copy of the Complaint in this action.

2.      Attached as Exhibit "B" is a true and accurate copy of the Marriott Defendants' Answer

in this action.

3.      Attached as Exhibit "C" is a true and accurate copy of the New York Marriott Marquis'

("Marquis") Associate Resource Guide.

4.      Attached as Exhibit "D" is a true and accurate copy of the document entitled "Associate

Resource Guide – Handbook Receipt," dated May 16, 1989 and signed by Plaintiff.

5.      Attached as Exhibit "E" is a true and accurate copy of the Marquis' Associate Resource

Guide, as revised December, 2001.

6.      Attached as Exhibit "F" is a true and accurate copy of the document entitled

"Investigation Bullet Points of Nagy Edrisse."

7.      Attached as Exhibit "G" is a true and accurate copy of e-mail correspondence from

Sharon Osowoski to Frank Berry, dated June 21, 2006.

8.      Attached as Exhibit "H" is a true and accurate copy of the document entitled "Employment Performance Record," marked "Written Warning," signed by Frank Berry, dated June 9, 2006, and later signed by other individuals.

9.      Attached as Exhibit "I" is a true and accurate copy of the document entitled "Employment Performance Record," marked "Written Warning," signed by Frank Berry, dated June 9, 2006, which Plaintiff retained for his records.

10.     Attached as Exhibit "J" is a true and accurate copy of e-mail correspondence from Plaintiff to Michael Stengel, dated June 21, 2006.

11.     Attached as Exhibit "K" is a true and accurate partial copy of the document entitled "Employment Performance Record," marked "Suspension," dated June 13, 2006.

12.     Attached as Exhibit "L" is a true and accurate partial copy of the document entitled "Employment Performance Record," marked "Suspension," dated June 13, 2006, which Plaintiff retained for his records.

13.     Attached as Exhibit "M" is a true and accurate copy of the document entitled "Progressive Discipline Appeal Form."

14.     Attached as Exhibit "N" is a true and accurate copy of e-mail correspondence from Stephen Batta to Bonnie Caravaglia, dated June 15, 2006.

15.     Attached as Exhibit "O" are a true and accurate copies of e-mail correspondence from Plaintiff to Bonnie Caravaglia and David Traina, dated June 24, 2006.

16.     Attached as Exhibit "P" is a true and accurate partial copy of notes taken by Dr. David Appelbaum during his clinical interview of Plaintiff as part of his psychological evaluation of Plaintiff.

17.     Attached as Exhibit "Q" is a true and accurate copy of the Verified Complaint filed by

Plaintiff with the New York State Division of Human Rights, dated June 20, 2006.

18.  Attached as Exhibit "R" is a true and accurate copy of the document entitled "Termination Narrative," dated June 29, 2006, and signed by David Traina, Stephen Batta, and Michael Stengel.

19.  Attached as Exhibit "S" is a true and accurate copy of the termination letter from Ms. Caravaglia to Plaintiff, dated June 29, 2006.

20.  Attached as Exhibit "T" is a true and accurate copy of Plaintiff's 2006 Income Tax Return, Form 1040.

21.  Attached as Exhibit "U" is a true and accurate copy of Plaintiff's 2006 W2 Form.

22.  Attached as Exhibit "V" are true and accurate copies of Plaintiff's deposition transcripts, dated January 4, 2010 and March 12, 2010, respectively.

23.  Attached as Exhibit "W" is a true and accurate copy of Stephen Batta's deposition transcript, dated March 22, 2010.

24.  Attached as Exhibit "X" are true and accurate copies of David Traina's deposition transcripts, dated February 26, 2010 and March 29, 2010, respectively.

25.  Attached as Exhibit "Y" is a true and accurate copy of Bonnie Caravaglia's deposition transcript, dated March 12, 2010.

26.  Attached as Exhibit "Z" is a true and accurate copy of relevant portions of Katie Kerney's deposition transcript, dated January 5, 2010.

27.  Attached as Exhibit "AA" is a true and accurate copy of relevant portions of Michael Stengel's deposition transcript, dated March 16, 2010.

28.  Attached as Exhibit "BB" is a true and accurate copy of Janet Mielcarek's deposition transcript, dated March 29, 2010.

29.     Attached as Exhibit "CC" is a true and accurate copy of relevant portions of George Palladino's deposition transcript, dated March 30, 2010.

30.     Attached as Exhibit "DD" is a true and accurate copy of Frank Berry's deposition transcript, dated March 26, 2010.

31.     Attached as Exhibit "EE" is a true and accurate copy of relevant portions of Piotr Swezyck's deposition transcript, dated March 26, 2010.

32.     Attached as Exhibit "FF" is a true and accurate copy of relevant portions of James Netzel's deposition transcript, dated March 25, 2010.


Dated: April 15, 2010
       New York, New York


                              Respectfully submitted,


                              VENABLE LLP
                              Rockefeller Center
                              1270 Avenue of the Americas, 25th Floor
                              New York, New York 10020
                              (212) 307-5500


                    By:      /s/ Michael J. Volpe
                             Michael J. Volpe (MV-0171)
                             Megan H. Mann (MM-2879)

                             ATTORNEYS FOR DEFENDANTS
                             Marriott International, Inc., George Palladino,
                             Michael Stengel, David Traina, Stephen Batta,
                             Robert Miller, and Janet Mielcarek